UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAIR MURADOV,

Petitioner,

v.                                                    No. 1:26-cv-11773-MJJ

TODD BLANCE, *et al.*,

Respondents.

**RESPONSE TO MOTION TO ENFORCE (Doc. No. 14)**

Petitioner Kair Muradov moves for the Court to order a new bond hearing, or to release him from immigration detention.  Doc. No. 14 at 12-13.  Petitioner alleges that the immigration judge presiding at Petitioner's Court-ordered bond hearing on April 27, 2026, found Petitioner to be a flight risk and did not comply with the Court's Order or with due process. *Id.*, at 2.; *see Hernandez-Azuaje*, No. 25-cv-13224-ADB, 2026 WL 221833, at *1-2 (D. Mass. Jan. 28, 2026) (reviewing an immigration judge's bond decision where petitioner argued "that the evidence before the immigration judge could not as a matter of law have supported the decision to deny him bond").

Respondents' position is that the Court should deny Petitioner's motion because his recourse is to exhaust administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals ("BIA"), as Petitioner has reserved his right to do.  Doc. No. 14-1 at 3; 8 C.F.R. § 236.1(d)(3)(i).[1]

---

[1] Applicable regulations allow a second bond hearing before an immigration judge only on a non-citizen's request "upon a showing that the [non-citizen's] circumstances have changed materially since the prior bond redetermination."  8 C.F.R. § 1003.19(e).

"Generally speaking, a plaintiff's failure to exhaust her administrative remedies precludes her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021).  Although no statute requires exhaustion here, common-law exhaustion "allows an agency the first opportunity to apply its expertise and obviates the need for judicial review in cases in which the agency provides appropriate redress."  *Id*. at 256 (cleaned up) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175–76 (1st Cir. 2016)); *see also Dos Reis v. Vitello*, No. 25-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) (holding that an immigration judge's finding of risk of flight based on allegedly "insufficient . . . evidence" was "precisely the type of alleged error committed to review by the BIA").

Here, Petitioner does not allege that he has exhausted administrative remedies, and any argument why the Court should excuse exhaustion is without merit.  Nor is any "appeal to the BIA . . . 'futile' or 'wasteful[,]'" at this time even if "the result may not be as expeditious as one might wish[.]"  *Dos Reis*, 2025 WL 1043434, at *2 (concluding that an appeal pending before the BIA for more than four months was not so "'prolonged' as to rise to a violation of due process").[2]

Accordingly, Respondents respectfully request that the Court deny Petitioner's motion for a new bond hearing or release (Doc. No. 14).

---

[2] *But see, e.g.*, *Picado v. Hyde*, No. 26-cv-065, 2026 WL 352691, at *5-6 (D.R.I. Feb. 9, 2026) (waiving exhaustion when appeal of a bond order to the BIA would harm petitioner irreparably due to loss of liberty).

Dated: May 18, 2026            Respectfully submitted,

           LEAH B. FOLEY
           United States Attorney

By:     */s/ Vincent Engingro III*
           Vincent Engingro III
           Special Assistant U.S. Attorney
           U.S. Attorney's Office
           John Joseph Moakley U.S. Courthouse
           One Courthouse Way, Suite 9200
           Boston, Massachusetts 02210
           (617) 748-3100
           Vincent.engingro@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on May 18, 2026.

           */s/ Vincent Engingro III*
           Vincent Engingro III
           Special Assistant U.S. Attorney